Porto Rican Leaf Tobacco Company, Recurrente, *v.* El Registrador de la Propiedad, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 2ª., denegando la inscripción de una escritura de venta.

No. 174.—Resuelto en mayo 5, 1914.

Agrupación y Venta de Fincas de Distintos Dueños Vendedores—Requisitos para su Inscripción a Favor del Comprador.—Cuando varios dueños vendedores segregan de sus respectivas fincas parcelas de terreno para agruparlas y formar una sola finca, es indispensable que en la escritura de agrupación y venta se consignen las condiciones legales con que los dueños han

realizado la agrupación constituyéndose en dueños proindiviso de la finca agrupada, pues si así no se hiciere, ni la agrupación ni la venta podrán inscribirse en el registro.

ESCRITURA OTORGADA ANTES DE REGIR LA LEY HIPOTECARIA—OMISIÓN DE DAR FE EL NOTARIO DEL CONOCIMIENTO DE LOS OTORGANTES.—Una escritura pública otorgada el 10 de octubre de 1876 antes de que rigiera en esta Isla la Ley Hipotecaria, pero cuando ya regía la Ley Notarial de 1873, y que adolece del defecto de haber·omitido el Notario dar fe del conocimiento de los otorgantes, es nula de acuerdo con el artículo 27 de dicha ley notarial.

RECURSO GUBERNATIVO—CALIFICACIÓN DE TÍTULOS POR EL REGISTRADOR—DOCUMENTO PRESENTADO PARA JUSTIFICAR LA ADQUISICIÓN DEL DOMINIO ANTES DE REGIR LA LEY HIPOTECARIA.—El registrador de la propiedad tiene facultades para calificar una escritura presentada al registro para justificar la adquisición del dominio de una finca antes de regir la ley hipotecaria, aun cuando dicha escritura no se presentara para su inscripción, sino para que se inscribiera otra escritura de venta de dicha finca.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Luis Muñoz Morales.*

El Registrador Sr. José Benedicto compareció por escrito en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública otorgada en 25 de agosto de 1913 en el pueblo de Comerío ante el notario Don Celestino José Pérez y Pérez, Don Sixto Pontón Santiago y Don Manuel Pontón Fernández, acompañados de sus esposas, segregaron respectivamente de una finca rústica de la propiedad del primero y de otra finca o solar perteneciente al segundo, dos parcelas de terreno, que agruparon formando una tercera finca, la que vendieron por la misma escritura a P. H. Gorman, como representante de la corporación Porto Rican Leaf Tobacco Company, por precio de $250.

Presentada la escritura de referencia en el Registro de la Propiedad de San Juan, Sección 2ª., para su inscripción, el registrador la denegó por medio de nota que copiada a la letra dice así:

"Denegada la inscripción del precedente documento, en cuanto a la venta que comprende, porque la finca que se vende en la forma que se .describe no está inscrita a favor de los vendedores, pues si bien en este documento se agrupan las dos parcelas que la compo-

nen, no se ha pedido inscripción de dicha agrupación, por lo cual no se ha hecho operación alguna respecto a la misma; porque ambos vendedores enajenan conjuntamente la totalidad de la finca, de lo que resulta que cada uno de ellos vende parte de la parcela que corresponde al otro vendedor, sin tener participación ni derecho alguno en ella, y porque en la escritura número 76, otorgada en Sabana del Palmar el 10 de octubre de 1876, ante el Notario Francisco Jiménez Prieto, acompañada para acreditar la adquisición de la parcela perteneciente a Don Manuel Pontón, no da fe el notario del conocimiento de los otorgantes, falta que produce la nulidad de dicha escritura; habiéndose tomado en su lugar y respecto a dicha venta, anotación preventiva por término legal, con vista de otro documento, al folio 225 del tomo 14 de Comerío, finca número 689, anotación letra A, en la que se han consignado además, los defectos subsanables de no expresarse en esta escritura la colindancia y medida por el lado norte de la finca vendida, no acreditarse el carácter y facultades que se atribuye el Señor P. H. Gorman, no justificarse que la corporación compradora esté facultada para hacer negocios en esta Isla, y de que en la escritura antigua número 76 que se ha relacionado aparece firmando José R. Santiago en vez de José Antonio Santiago, que es el vendedor. San Juan, P. R., diciembre 18 del 1913. El Registrador, José Benedicto.''

Dicha nota ha sido recurrida para ante esta Corte Suprema por Porto Rican Leaf Tobacco Company, y está sometida a nuestra consideración. Examinemos los tres motivos en que se funda.

En cuanto al primer motivo entendemos que la escritura de que se trata comprendía un acto y un contrato, sujetos a inscripción, a saber, la agrupación en una sola finca de dos parceles de terreno, y la venta de la finca agrupada. Si la parte recurrente quería que ambas inscripciones se verificaran en el registro, la primera previamente a la segunda, debió pedirlo clara y determinadamente, suministrando los sellos que cada una de ellas requería. En el registro no se practican de oficio las inscripciones y es preciso solicitarlas. Véase el caso de *Ramis* v. *El Registrador,* 19 D. P. R., 747. Pero es que la representación de la parte recurrente sostiene que no es necesaria la previa inscripción de la finca

agrupada a favor de los vendedores para inscribir la venta de la misma, y por tanto no puede alegar que la presentación del documento se hizo para que, se verificasen ambas inscripciones separadamente.  Su intención clara era que se inscribiera la finca agrupada, directamente a favor de la compradora, sin necesidad de la inscripción previa de la agrupación, y tal pretensión era improcedente  La finca tal como se vendía no estaba inscrita en el registro, y por tanto tampoco cabía inscribir la venta según los artículos 20 de la Ley Hipotecaria y 244 del reglamento para su ejecución.

Ni podía verificarse la inscripción de la finca agrupada bajo un solo número y como una sola, pues para ello era necesario que las parcelas que habían venido a formarla fueran de un solo dueño o de varios proindiviso.  Véase el caso de *Durán et al.* v. *El Registrador,* resuelto en marzo 6, 1914.

A este propósito dicen los ilustrados tratadistas Galindo y Escosura, en sus Comentarios a la Legislación Hipotecaria,. Tomo I, página 538, edición de 1903:

"Si dos propietarios tienen sus fincas colindantes' y las hipotecan a un tercero manifestando simplemente su voluntad de que constituyen una sola, ¿bastará tal escritura para que se inscriban como una. sola finca? Entendemos que no.  Sobre no proceder, a nuestro juicio,. la agrupación con arreglo al artículo 322 del reglamento, faltaría en. la escritura la expresión explícita de las condiciones' de derecho con. que los condueños realizarían la unión y proindivisión de lo que. antes estaba segregado y dividido."

Como se ve, la agrupación de fincas a que se refiere la escritura de 25 de· agosto de 1913 es improcedente por no pertenecer las fincas a un solo dueño o a varios proindiviso, y porque faltando como falta ese requisito, no se han determinado las condiciones legales con que los dueños han realizado la unión y proindivisión de las dos parcelas de terreno que antes estaban separadas.

Por no haberse determinado las condiciones legales a que nos referimos anteriormente, resulta que ambos vendedores venden la finca agrupada sin pertenecerles ésta en común y

proindiviso, y por tanto, como dice con razón el registrador recurrido, cada uno de ellos vende parte de la parcela que corresponde al otro vendedor sin tener participación ni derecho alguno en ella. La misma escritura demuestra claramente que Don Sixto y Don Manuel Pontón venden a Porto Rican Leaf Tobacco Company la finca agrupada, y no las partes que cada uno de ellos segregaron de la finca de que respectivamente eran propietarios. Si tal hubieran hecho no habría habido agrupación formada por los dueños vendedores, sino que la corporación compradora hubiera sido la llamada a formarla. Véase la resolución de la Dirección General de los Registros de España de 18 de febrero de 1897.

En cuanto al tercer motivo del recurso, debemos hacer constar que juntamente con la escritura de 25 de agosto de 1913 fué presentada al registrador otra escritura pública de 10 de octubre de 1876 para acreditar que Don Manuel Pontón había adquirido de Don José Antonio Santiago con anterioridad al planteamiento de la Ley Hipotecaria en esta Isla, el terreno de que segregó la parcela que con la otra de Don Sixto Pontón vino a formar la finca agrupada, y que por tanto podría prescindirse de la inscripción previa ordenada por el artículo 20 de la Ley Hipotecaria.

Dicho documento no era bastante al fin pretendido, pues en la fecha en que se otorgó, regía la Ley Notarial de 1873, la que, bajo pena de nulidad, exigía en su artículo 27, concordante con el 23 de la misma, la dación de fe, por el notario, del conocimiento de los otorgantes, formalidad que no se llenó en la mencionada escritura, la que por tanto quedó viciada de nulidad.

Si tal documento hubiera sido presentado al registro para su inscripción y los interesados tenían el derecho de solicitarla, hubiera sido denegada por entrañar el vicio de nulidad expresado, y como su presentación al registrador tuvo por objeto sustituir la falta de inscripción previa a que se refiere el artículo 20 ya citado de la Ley Hipotecaria, es lógico concluir que si no era bastante para inscribir a favor de Don

Manuel Pontón la finca adquirida, tampoco podía servir para transmitirla a otra persona. Galindo y Escosura, Tomo 2, página 174, edición ya expresada.

Y no puede negarse al registrador recurrido la facultad de calificar el documento en cuestión, por la razón de no habersele presentado para su inscripción, sino con el fin de comprobar la adquisición del dominio por Don Manuel Pontón antes de la vigencia de la Ley Hipotecaria, pues el registrador, bajo ese concepto podía calificarlo y lo calificó derechamente al estimar que no era justificante de dicho dominio, por adolecer de nulidad con que la ley vigente en la fecha de su otorgamiento sancionaba la falta de dación de fe del conocimiento de los otorgantes por parte del notario.

No son materia del recurso los defectos subsanables apuntados por el registrador, y por esa razón prescindimos de su examen.

Es de confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.