ARTURO E. QUINTERO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE BAYAMÓN, recurrido.

Núm. 1191.—*Sometido:* Noviembre 4, 1946. *Resuelto:* Diciembre 20, 1946.

*Damián Monserrat, Jr.,* y *Gabriel de la Haba,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

La cuestión a resolver en este recurso gubernativo es: Vendidas dos fincas agrupadas por la vendedora en la misma escritura en que se formalizó la venta, ¿procede la incripción de la compraventa sin que previamente se inscriba la agrupación? De los autos resulta que por escritura núm. 98 de 20 de mayo último, ante el notario Rafael Baragaño Diez, Josefina Ramírez, de estado soltera, declaró ser dueña de

dos fincas urbanas, las cuales agrupó. En el mismo documento vendió a Arturo E. Quintero la finca agrupada. Se presentó al Registro la escritura, pero los sellos de rentas internas consignados no eran suficientes para inscribir el acto de la agrupación y el contrato de compraventa. El Registrador procedió a inscribir la agrupación, pero como el comprador rehusó consignar los sellos correspondientes a la inscripción de la venta, suspendió la inscripción de ésta. El recurrente sostiene que él no había solicitado la inscripción de la agrupación y que el Registrador debió inscribir la venta empleando para ello los sellos que el comprador había consignando al presentar el documento. El Registrador sostiene que del asiento de presentación aparece que se solicitó inscripción de la agrupación y de la compraventa.

■■ Cuando el vendedor agrupó las dos fincas formó una distinta de las que la componen, debiendo la agrupación inscribirse como una nueva finca que por primera vez se inscribe en el Registro de la Propiedad.(¹) Como de conformidad con el art. 20 de la Ley Hipotecaria para inscribir o anotar los títulos en que se transfiere o grave el dominio o la posesión de bienes inmuebles o derechos reales, precisa que el derecho de la persona que haga la transmisión conste inscrito, era imprescindible en el presente caso inscribir previamente a nombre de la vendedora la nueva finca objeto de la venta. Como muy bien dice el Registrador, de no haberse inscrito previamente la agrupación, hubiera procedido denegar la inscripción de la venta por no aparecer inscrita la finca a nombre de la vendedora.

---

(¹) El art. 60 del Reglamento General para la Ejecución de la Ley Hipotecaria, en lo pertinente prescribe:

"Cuando se reúnan dos fincas para formar una sola, se inscribirá ésta con un nuevo número, haciéndose mención de ello al margen de cada una de las inscripciones anteriores relativas al dominio de las fincas que se reúnan. En la nueva inscripción se hará también referencia de dichas inscripciones, así como de los gravámenes que las mismas fincas reunidas tuvieren con anterioridad."

█ La previa inscripción de la agrupación no significa que sea necesario verificar dos asientos: uno comprensivo de la agrupación y otro de la compraventa. Las dos operaciones pueden verificarse en un solo asiento cobrándose, desde luego, los honorarios que fija el arancel para cada una de dichas operaciones.

Como la inscripción de la agrupación devenga honorarios, actuó correctamente el Registrador al cancelar, de los sellos consignados, los correspondientes a dicha operación. *P. R. Leaf Tobacco Co.* v. *Registrador de la Propiedad,* 20 D.P.R. 398.

*Procede confirmar la nota recurrida.*

El Juez Asociado Sr. Snyder no intervino.